UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD HARRIS,
#295539

        Petitioner,

v.                                                                  Case Number: 09-CV-12898
                                                                     Honorable Victoria A. Roberts

THOMAS BIRKETT,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION TO DISMISS AND
DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS
CORPUS AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Ronald Harris, a state prisoner currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree home invasion following a jury trial in the Huron County Circuit Court and was sentenced as a habitual offender, third offense, to five to thirty years imprisonment. In his *pro se* pleadings, Petitioner alleges that he is entitled to habeas relief because (1) there was insufficient evidence presented at trial to convict him, (2) the trial court erred in failing to grant the requested mistrial and failed to properly instruct the jury, (3) the prosecutor's actions denied him a fair trial, and (4) his trial and appellate counsel were ineffective.

Pending before the Court is Respondent's "Motion to Dismiss" [dkt. # 9], for failure to fully exhausted state-court remedies. For the reasons stated, the Court concludes that Petitioner has not properly exhausted his state-court remedies on his fourth habeas claim and dismisses

without prejudice the Habeas Petition so that Petitioner may return to state court to exhaust. The Court also declines to issue a Certificate of Appealability and Leave to Proceed on Appeal *In Forma Pauperis*.

## II. BACKGROUND

Following his conviction and sentencing, Petitioner did not file an Appeal of Right in a timely fashion under Michigan law. Rather, on May 30, 2006, he filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals. In his Delayed Application, Petitioner alleged: (1) there was insufficient evidence to support his conviction, (2) the trial court erred by failing to grant a mistrial and to give proper jury instructions, (3) the prosecutor committed misconduct, and (4) his trial counsel was ineffective.

On October 19, 2006, the Michigan Court of Appeals granted Petitioner's Delayed Application, "limited to the issues raised in the application." *People v. Harris*, No. 270621 (Mich.Ct.App. Oct. 19, 2006). Petitioner then filed a Brief with the Court of Appeals, presenting the four issues outlined in his Delayed Application. On June 3, 2008, the Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Harris*, No. 270621, 2008 WL 2261845 (Mich.Ct.App. June 3, 2008) (unpublished).

On July 15, 2008, Petitioner filed an Application for Leave to Appeal with the Michigan Supreme Court, raising the same claims. Petitioner also filed an Amendment to that Application, supplementing his four issues with additional allegations of ineffective assistance of trial and appellate counsel. Petitioner alleged that appellate counsel failed to address the ineffectiveness of his trial counsel, including the failure to (1) file pertinent motions, (2) conduct a pre-trial investigation, (3) retain the services of a forensic expert, and (4) call requested witnesses,

rebuttal or other.

The Michigan Supreme Court denied his Application because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Harris*, --- Mich. ---; 757 N.W.2d 82 (2008). Petitioner's Motion for Reconsideration was also denied. *People v. Harris*, 482 Mich. 1035; 759 N.W.2d 374 (2009). Petitioner neither filed a Writ of Certiorari with the United States Supreme Court nor a Post Conviction Motion with the state court.

Rather, Petitioner filed this Habeas Petition, raising the following claims: (1) there was insufficient evidence presented at trial to prove his guilt; (2) the trial court abused its discretion in failing to grant his request for a mistrial; (3) the prosecutor withheld evidence favorable to him; (4) trial counsel was ineffective for failing to conduct a pre-trial investigation, to obtain an expert witness, to request proper jury instructions, to call witnesses on his behalf, to advise the court of biased jurors, to request full disclosure of a grant of immunity for one of the witnesses, and to object to prosecutorial misconduct; and (5) appellate counsel was ineffective for failing to raise the above-stated ineffective assistance of trial counsel arguments on appeal, minus the issue of trial counsel's failure to object. Petitioner's Habeas Petition was signed on June 30, 2009. It was filed with this Court on July 23, 2009.

### III. DISCUSSION

This Petition must be dismissed because it contains claims that Petitioner failed to exhaust with the state courts.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*,

526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which Petitioner may raise his unexhausted claims. Petitioner may file a Motion for Relief from Judgment pursuant to Michigan Court Rule 6.500 *et. seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his Motion for Relief from Judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a Petition for Writ of Certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of

4

innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n. 3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Therefore, Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claims on direct review.

Petitioner raised his ineffective assistance of trial counsel claims in the Michigan Supreme Court. However, he concedes that, in his direct appeal, he did not raise certain other aspects of his ineffective assistance of counsel claims directed at his trial counsel, and did not raise his ineffective assistance of appellate counsel claims. Therefore, his Habeas Petition is a "mixed" Petition of exhausted and unexhausted claims.

Federal courts ordinarily are required to dismiss a habeas petition containing both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), but a dismissal of this action could result in the bar of a subsequent habeas petition, by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings, provided there is good cause for the failure to exhaust claims and reasonable time limits are imposed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Here, the one-year statute of limitations does not pose a problem for Petitioner, as long as he pursues his state court remedies promptly. The one-year limitations period did not begin to run until ninety days after the conclusion of his direct appeals, starting on or about January 28, 2009. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Petitioner thus had until January

5

28, 2010, to file his Habeas Petition. The limitations period then ran for five months, until June 30, 2009, when Petitioner signed his Habeas Petition and submitted it to prison officials for mailing. The one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See*, e.g., *Johnson v. Warren*, 344 F.Supp.2d 1081, 1088-89 (E.D. Mich. 2004). Since about seven months of the one-year limitations period remains, Petitioner has sufficient time to exhaust his issues in state courts, and return to federal court; stay is unnecessary.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the unexhausted claims, such an action would deny the state courts the deference to which they are entitled; state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates those claims in this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Petitioner's fourth claim is unexhausted because those ineffective assistance of counsel claims were never presented to the Court of Appeals. Although Petitioner raised those claims in

his Application for Leave to Appeal with the Michigan Supreme Court, the presentation of those claims in the Supreme Court would be insufficient to exhaust Petitioner's ineffective assistance of counsel claims, for the purpose of habeas review, because he failed to present them to the Michigan Court of Appeals. Because the ineffective assistance of counsel claims contained in Petitioner's fourth claim are different than the ineffective assistance of counsel claims presented during Petitioner's direct appeals process, the ineffective assistance of counsel claims contained in Petitioner's fourth claim have not been fairly presented to the state courts. *See Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003) ( citing to *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)).

Petitioner alleges that his appellate counsel was ineffective for failing to raise those claims before the Michigan Court of Appeals.

The mere fact that appellate counsel failed to present the issues contained in Petitioner's fourth claim, on Petitioner's direct appeal, would not render exhaustion futile; Petitioner still has available state-court remedies with which to exhaust his claims. *See Gray v. Wingo*, 391 F.2d 268, 269 (6th Cir. 1967) (petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures); *Booker v. Kelly*, 636 F.Supp. 319, 321, n. 3 (W.D.N.Y. 1986) (allegation that unreasonable delay by assigned counsel prevented petitioner from presenting his claims on direct appeal in state court did not excuse petitioner from exhausting his state court remedies prior to filing a petition for writ of habeas corpus, absent a showing that all state procedures had been rendered ineffective).

Petitioner has not shown good cause for failing to exhaust his claim in the state courts, *i.e.*, by filing a Motion for Relief from Judgment, before proceeding in federal court on habeas review. Moreover, his unexhausted claims concern matters of federal law which may warrant further review. Therefore, his unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his state-court remedies as to the fourth claim contained in his Habeas Petition. Accordingly, the Court **GRANTS** Respondent's "Motion to Dismiss" [dkt. # 9] and **DISMISSES WITHOUT PREJUDICE** the "Petition for Writ of Habeas Corpus." (Dkt. # 1.) Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claims, he may move to re-open this case and amend his Petition to proceed on the exhausted claims within thirty (30) days of the filing date of this Order. The Court makes no determination of the merits of his claims.

Before Petitioner may appeal this decision, a Certificate of Appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a Certificate of Appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DECLINES** to issue a Certificate of Appealability. The Court also **DECLINES** to grant an Application for Leave to Proceed on Appeal *In Forma Pauperis*; any appeal would be frivolous. *See* Fed. R.App. P. 24(a).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 5, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Ronald Harris by electronic means or U.S. Mail on March 5, 2010.

s/Carol A. Pinegar
Deputy Clerk